CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKQ

NOV 24 2009

JOHN F. CORCORAN, CLERK
BY: HMcDonacc
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID W. AMBERGER, | ) | Civil Action No. 7:09-cv-00382 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, BUCKINGHAM | ) | |
| CORRECTIONAL CENTER, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

David W. Amberger, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his institutional conviction and resulting loss of good-time credit. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After considering the record, I dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.

I.

A.

Petitioner alleges the following facts. Petitioner purchased a pair of New Balance sneakers from the Buckingham Correctional Center ("BKCC") commissary and was unsatisfied with their quality of the sneakers. (Pet. 15.) Petitioner sought a refund from the commissary, which it denied and told petitioner to contact New Balance. Petitioner submitted an informal complaint to BKCC officials requesting a replacement or a refund. The grievance was denied on March 17, 2008. On March 26, 2008, petitioner "typed correspondence to the Customer Service Department of New Balance, while in the law library, as part of the grievance procedure, requesting replacement or refund of his defective tennis shoes." (Id. 16.)

On April 9, 2008, BKCC officials charged petitioner with an institutional offense for

failing to follow posted or written facility rules and regulations. BKCC's rule for using the typewriters in the law library limited their use to only legal documents. Petitioner requested documentary evidence and reporting officer's statement seven days before his scheduled disciplinary hearing. Petitioner wanted the documentary evidence to argue that the correspondence to New Balance was "legal in nature" because it was part of the institutional grievance procedure. However, the disciplinary hearing officer ("DHO") denied the request for documentary evidence because only matters sent to courts or attorneys are relevant, and the DHO stated that only the correspondence petitioner sent to New Balance was relevant to the hearing. (Id. 18.) Petitioner included the applicable law library policy as an attachment to his petition, which states, "ONLY LEGAL CORRESPONDENCE ADDRESSED TO THE COURTS OR ATTORNEYS IS PERMITTED TO BE TYPED IN THE LAW LIBRARY." (Id. at 55 (original emphasis).)

The DHO convicted petitioner of the offense because "according to policy 840.A and the law library rules[,] the document addressed to New Balance . . . [the typed letter] did not contain anything legal in nature and should not have been typed in the law library." (Id. 18.) The DHO authorized forfeiture of fourteen days good time credit and loss of commissary privileges. The conviction negatively affected petitioner's institutional record, allegedly costing him the chance to earn eighteen additional days of good time credit. (Id. 18-19.) Petitioner was also not permitted to work as a clerk in the law library. Petitioner filed a state petition for a writ of habeas corpus with the Supreme Court of Virginia that it dismissed as frivolous. Amberger v. Warden, No. 090679, slip op. at 1 (Va. June 11, 2009).

B.

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so with the opposing party's written consent or the court's leave.[1] The court should freely give leave when justice so requires" absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991).

Petitioner filed a motion to amend after the respondent's filed a motion to dismiss and is, therefore, not entitled to an amendment. In his motion, petitioner wants to add additional facts about how the institutional conviction prevented him from accruing an additional eighteen days good time credit and frustrated his ability to find a prison job. (Mot. Am. (docket #20) 4-5.) The motion does not join additional parties or raise new claims but alleges additional facts in support of his petition. Accordingly, I grant petitioner's motion to amend and consider the additional facts in support of the petition.

II.

After a state court addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications

---

[1] The respondent has not consented to the amendment.

are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410. Although a summary state court decision is an adjudication on the merits, the federal habeas court must conduct an independent review of the record and applicable law to the extent the state court fails to articulate the reasoning or basis for its decision. Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). However, the review is not de novo because the federal habeas court may not independently determine whether the petitioner's constitutional rights were violated. Id.

Clearly established federal law controlling a prisoner's due process rights in prison disciplinary proceedings that implicate liberty interests requires: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the prisoner; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral, detached hearing body; and (5) a written statement by the factfinder about the evidence relied upon and the reasons for the disciplinary action taken. Wolff v. McDonnell, 418

U.S. 539, 564-71 (1974). Because a disciplinary hearing is not a criminal trial, however, the standard of proof is reduced such that due process requirements are met if the decision to revoke good time credit is supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985). To determine whether this standard is satisfied, the federal habeas court does not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. Id. Instead, the court evaluates only the procedural aspects of the hearing and determines whether "some evidence" supports the conviction.

The Supreme Court of Virginia adjudication of petitioner's state habeas petition as frivolous was not contrary to nor an unreasonable application of federal law nor based on an unreasonable determination of the facts. Petitioner's argument that the letter he admittedly wrote on the law library typewriter complaining about the quality of his sneakers qualifies as a "legal matter" is without merit. Petitioner's attempt to couch the letter as a requirement to exhaust his administrative remedies is also patently frivolous because that exhaustion is specifically limited to the Virginia Department of Corrections administration, not a private manufacturing company who sold goods to a prison's retail store. Moreover, the DHO's decision to consider only petitioner's letter to New Balance, the evidence of the infraction, was not in violation of petitioner's constitutional rights. Wolf provided inmates with a qualified right to present evidence because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits . . . ." Wolff, 418 U.S. at 566. The DHO retained the discretion to decline the admission of evidence that had no probative value of what the contents of the type-written letter contained. Moreover, the letter's recipient was not an attorney or court and the information in the letter did not pertain to a legal matter. Therefore, I find that the DHO did not

violate petitioner's constitutional rights. Accordingly, I grant the respondent's motion to dismiss.[2]

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 24th day of November, 2009.

Senior United States District Judge

---

[2] Petitioner's complaints about the conviction impacting his "right" to a prison job is not cognizable in a habeas action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Furthermore, inmates have no protected liberty interest in maintaining a particular custody level or earning a specific rate of good conduct time. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 Fed. Appx. 96 (4th Cir. 2001). Even if plaintiff's disciplinary conviction ultimately impacted his custody status or the rate at which he earns good time in the future, such changes do not implicate federal due process protections. Id. Moreover, the effect of a classification reduction on the ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest. See Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)).